*Staff Comment:* The proposed amendment reflects the Court's decision in *People v Gardner,* 406 Mich 369 (1979). It is drawn, in part, from the ABA Project on Standards for Criminal Justice, Standards Relating to The Administration of Criminal Justice, The Defense Function (Compilation, 1974), § 3.5(b), p 123, and The Function of the Trial Judge, § 3.4(b), p 171.

The staff comment is published only for the benefit of the bench and bar and is not an authoritative construction by the Court.

MEYER v ATTORNEY GRIEVANCE COMMISSION. (Docket Nos. 62773-62776.) The complaints for mandamus and supporting documents, the answers of the commission and respondent attorneys, and the commission's file have been considered in light of the guidelines of *Leitman v State Bar Grievance Board,* 387 Mich 596 (1972). The complaints are dismissed because the Court does not find an abuse of discretion by the commission. James A. Meyer, *in propria persona,* petitioner. *Richard H. Senter,* Grievance Administrator, and *Louis Rosenzweig,* Counsel to Administrator, respondent.

JULY 6, 1979

LEGUT v DETROIT WINDOW CLEANING COMPANY. (Docket No. 56190.) Plaintiff-appellant's motion for costs is considered and the Clerk is directed to tax costs in plaintiff's favor in the amount of $2,735.27. *Kelman, Loria, Downing, Schneider & Simpson* for plaintiff-appellant. *Vandeveer, Garzia, Tonkin, Kerr & Heaphy, P.C.,* for defendants-appellees. Reported at 403 Mich 63.

WILSON v COURT OF APPEALS. (Docket No. 62492.) The complaint for

superintending control is dismissed because another adequate remedy, an appeal, is available to appellant. GCR 1963, 711.2, 711.4(b). This action is taken without prejudice to the filing, by appellant, of an application for leave to appeal. The petition for appointment of counsel is denied. *Gerald M. Lorence* for plaintiff.

JULY 11, 1979

PROPOSED AMENDMENT OF DCR 785. On order of the Court, this is to advise that the Court is considering a proposal to amend District Court Rule 785. Before determining whether it should be adopted, changed before adoption, or rejected, this notice is given to afford any interested person the opportunity to comment on the form or the merits of the proposal, the text of which is as follows:

(The present language is to be repealed and replaced by the following language, unless otherwise indicated below:)

DC RULE 785. CRIMINAL PROCEDURE.

.1—.3 (Unchanged.)

.4 Arraignment, District Court Offenses.

(a)-(d) (Unchanged.)

(e) A plea of guilty or no contest by mail is permissible if

(1) the judge, in his discretion, decides that the combination of

(A) the distance from the court to the defendant's residence, and

(B) the range of possible sentences,

makes the situation proper for a plea of guilty or no contest by mail, and

(2) the judge notifies the defendant in writing, in advance of a plea, of

(A) the rights enumerated in subrule 785.4(a), and

(B) the sentence to be imposed, and

(3) the defendant acknowledges guilt or no contest, and the sentence to be imposed, in a writing to be placed in the district court file.

.5 Sentencing; Counsel on Appeal.

(a) At the sentencing, the court shall

(1)-(3) (Unchanged.)

(4) tell the defendant that